## McKinney & Co. v. Smith, Appellant.

*Brokers—Real estate brokers—Commissions—Contract for.*

In. an action of assumpsit for commission earned in the sale of real estate a verdict for the plaintiff will be sustained, where the defendant executed a contract specifically agreeing to pay the plaintiff four per cent commission for securing a purchaser, although the sale was not subsequently completed, through no fault of the plaintiff.

Argued October 13, 1924.   Appeal, No. 16, October T., 1924, by defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1923, No. 9590, in the case of George W. McKinney and G. Irwin McKinney, copartners, trading as G. Irwin McKinney & Company v. Adele C. Smith.   Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover a commission for sale of real estate.   Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule.   Defendant appealed.

*Error assigned* was the decree of the court.

. *Frank A. Harrigan,* for appellant.

*W. D. Stewart,* for appellee, filed no printed brief.

OPINION BY KELLER, J., July 9, 1925:

Plaintiffs, as agents for defendant, on May 1, 1923, entered into a written agreement with one Samuel Miller for the sale to him of certain of defendant's real estate in Cynwyd, Pa., for $55,000. The contract provided that Miller should pay $1,000 on signing the agreement, $1,500 within fifteen days, $27,500 on day of settlement (August 1, 1923) and give a purchase money first mortgage for $25,000. The agreement also provided: "Should the buyer fail to make settlement as herein provided, the sum or sums paid on account are to be retained by the seller, either on account of the purchase money, or as compensation for the damages and expenses she has been put to in this behalf, as the seller shall elect, and in the latter case this contract shall become null and void and all copies to be returned to seller for cancellation."

At the bottom of the executed contract the following agreement was signed by defendant: "We hereby approve the above contract May, 1923. And agree to pay G. Irwin McKinney & Co. a commission of 4% on the gross consideration herein mentioned for bringing about this sale.           Adele C. Smith (SEAL)"

Plaintiffs brought this action in assumpsit against defendant for $2,200, 4% of $55,000, the gross consideration money. Defendant in her affidavit of defense averred she was advised that it was provided in the agreement that the four per cent commission should not be paid unless all the conditions of the contract were carried out on or before August 1, 1923. The answer to this contention is that the agreement contains no such provision. She averred further that Miller did not settle for the property as provided in said agreement; that he made only the two preliminary payments, amounting to $2,500, called for by the agreement, which she elected to retain as damages as above provided; and contended that by reason thereof the agreement with the purchaser

525, (1925).]          Opinion of the Court.

and the plaintiffs was null and void.  Again the appellant has misconstrued the effect of the agreement.

The clause above quoted permits her to retain the advance payments made by Miller as liquidated damages for his failure to carry out his contract, and in case she elects to do so, annuls and voids all rights Miller had under the contract to require performance on her part or to recover back said payments, but it has no effect on the separate, though collateral, contract which she made to pay plaintiffs a commission for bringing about a sale of her property satisfactory to her.  It does not so read and it would be doing violence to the clearly expressed intent of the parties so to construe it.

The court below committed no error in holding the affidavit of defense to be insufficient in law.

The judgment is affirmed.